# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**RODRICK PATTERSON, county inmate #38717**
**A.K.A. RODRICK JOHNSON[1]**                                                 **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 3:12-cv-365-WHB-LRA**

**JUDGE JEFF WEILL, SR., ET AL.**                                              **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff is a pre-trial inmate currently incarcerated in the Hinds County Jail, who has filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983.[2] The named Defendants are Jeff Weill, Sr., Circuit Court Judge; Jim Hood, Attorney General of Mississippi; Karla Watkins, Court Administrator for Judge Weill; Robert Smith, District Attorney for Hinds County; the State of Mississippi; and Hinds County, Mississippi. Upon liberal review of the Complaint and subsequent pleadings, the Court has reached the following conclusions.

**I.**    **Background**

Plaintiff states that he has been charged with aggravated assault and is currently incarcerated awaiting trial. Plaintiff challenges the validity of the pending charge and his current incarceration. Specifically, Plaintiff alleges that he is not guilty of aggravated assault based on various shortcomings in the prosecution's case, *i.e.*, conflicting victim statements and medical records, and because he acted in self-defense. Plaintiff also complains that he filed a writ of habeas corpus with the Hinds County Circuit Court on January 9, 2012, and he has not received a

---

[1] When asked to clarify his name, Plaintiff states that his birth name is "Rodrick Patterson" and his Mother's maiden name is Johnson, an he is "in the computer here as Johnson." Resp. [10] at 1.

[2] Plaintiff's request to proceed *in forma pauperis* was granted on July 17, 2012.

response to his filing, much less the relief he seeks. As relief in this case, Plaintiff is seeking "discovery" in his pending criminal case, dismissal of the criminal charges, release from incarceration and monetary damages in the amount of 6.5 million dollars. Compl. [1] at 4; Resp. [6] at 1.

Initially, the Court entered an Order [5] advising the Plaintiff that release from incarceration is not available in a suit filed pursuant to § 1983. The Order directed the Clerk to send Plaintiff a packet of habeas corpus forms and Plaintiff was provided the opportunity to dismiss this § 1983 case or file a response stating that he wishes to continue with this case as it is filed. Plaintiff filed a Response wherein he states that this case is a "1983 torts claim for relief" based on discovery violations and various other deficiencies with his criminal prosecution for aggravated assault. Resp. [6] at 1. Thereafter, the Court entered an Order [7] directing Plaintiff to provide specific information and he was directed to specifically state how each named Defendant violated his constitutional rights. In Plaintiff's Response [10], he continues to challenge the validity of his pending aggravated assault charges and resulting incarceration and asserts complaints regarding the lack of a response to his state court habeas corpus petition.

**II.     Analysis**

Title 28 U.S.C. §1915 applies to prisoners proceeding *in forma pauperis* in this Court. Section 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of

2

the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* Since the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his Complaint is subject to *sua sponte* dismissal under § 1915(e)(2).

    **A. Claims for Habeas Corpus Relief**

Initially, the Court notes that "[s]ection 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement." *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994)(citations omitted)(finding claims that would entitle prisoner to accelerated release are not properly pursued in a § 1983 conditions of confinement case). Whereas habeas corpus provides the exclusive federal remedy available to a state prisoner seeking a speedier or immediate release from incarceration. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(holding habeas corpus is exclusive federal remedy available to state prisoners challenging the fact or duration of their confinement and seeking speedier or immediate release from incarceration). A pre-trial inmate may seek habeas relief under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending

3

against him." *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir.1987); *but see Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 483 (1973)(finding a petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court").

Plaintiff has specifically requested release from incarceration in this suit and the Court also construes Plaintiff's claims regarding the validity of his pending charges and resulting incarceration as a request for release from incarceration. Clearly, Plaintiff's claims do not challenge the *conditions* of his current confinement, but instead challenge the *fact or duration* of his confinement, and thus are habeas in nature. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(internal quotations omitted)(finding a "prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement"). Therefore, to the extent Plaintiff is challenging the validity of his pending criminal charges and resulting incarceration his claims are dismissed from this § 1983 case, without prejudice.[3]

### B. Claims under 42 U.S.C. § 1983

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010)(citation omitted). The State of Mississippi is not amenable to suit under § 1983 because the State is not considered a person within the meaning of the statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64

---

[3]The Court does not reach a determination of the viability of any possible habeas claims; nonetheless, the Clerk is directed to mail Plaintiff a packet of habeas corpus forms for pre-trial inmates challenging their imprisonment under 28 U.S.C. § 2241.

4

(1989). Therefore, Plaintiff cannot maintain this action against the State of Mississippi.

Although Plaintiff cannot maintain this action against the State, a municipality may be held liable under § 1983 when its official policies or customs violate the Constitution. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). However, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691. Plaintiff provides no official policy or custom of Hinds County that is responsible for the alleged constitutional deprivations associated with Plaintiff's criminal prosecution and current incarceration. Rather, he claims "Hinds County is in violation of my constitutional rights as an entity of the employees . . . as liabilities of this governmental agency with the responsibility for the administration of justice." Resp. [10] at 4. The Court finds that Plaintiff has merely named Hinds County as the employer of Judge Weill, Karla Watkins and District Attorney Robert Smith. Since Plaintiff seeks to hold the County vicariously liable for another's actions, he cannot maintain this § 1983 case against Hinds County. *See Monell*, 436 U.S. at 691 (concluding that "a municipality cannot be held liable solely because it employs a tortfeasor").

Judge Weill, as the presiding Judge for Plaintiff's criminal case, enjoys absolute immunity from damages when performing acts within his judicial capacity. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).

In determining whether a judge acted within the scope of his judicial capacity, the Court considers four factors: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's

chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Ballard v. Wall,* 413 F.3d 510, 515 (5th Cir. 2005)(citing *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)). In applying the four factors, it is clear that Judge Weill's actions were "judicial in nature." *Id.* at 517. Likewise, there are no claims that Judge Weill lacked jurisdiction over Plaintiff's criminal proceedings. *See* Miss. Code Ann. §9-7-81 (circuit court has original jurisdiction over state felony prosecutions). Therefore, Judge Weill is entitled to absolute immunity from the claims presented in this suit.

Plaintiff has also named Karla Watkins, the Court Administrator for Judge Weill, as a Defendant. Court clerks are entitled to "absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion", but they are entitled to "only qualified immunity for those routine duties not explicitly commanded by a court decree or by the judge's instructions." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001)(citations omitted).

Plaintiff states that the responsibilities of Watkins include "setting the court date." Resp. [10] at 3. Presumably the Plaintiff is claiming that he has not been called to appear before Judge Weill as often as he would like or as often as he feels he is entitled to appear. The Court finds it reasonable to conclude that Watkins is acting at the "judge's discretion" or at the "judge's instructions" when she sets a court date for a criminal case or a habeas corpus case, thereby entitling her to absolute immunity from the claims presented in this suit. *See e.g., Clay,* 241 F.3d at 682 (finding claims that clerk charged an excessive bail protected by absolute immunity); *Kastner v. Lawrence*, 390 F. App'x 311, 315 (5th Cir. 2010)(finding clerk's issuance of warrant

protected by absolute immunity); *Pruitt v. Brown*, 203 F. App'x 636, 637 (5th Cir. 2006)(finding clerk's refusal to deliver documents related to Plaintiff's criminal conviction protected by absolute immunity).

With that said, the Court finds that even if Watkins is not entitled to absolute immunity, Plaintiff's claims against her are subject to dismissal for failure to state a claim upon which relief may be granted. Plaintiff has not alleged that he was denied access to the courts or caused any other hardship of constitutional magnitude by the actions of Defendant Watkins. *See McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)(holding that plaintiff "must establish that his position as a litigant was prejudiced by his denial of access to the courts"). The Court also notes that Plaintiff has been appointed a criminal defense attorney to represent him against the pending aggravated assault charge. *See* Resp. [10] at 2; *see also Bounds v. Smith*, 430 U.S. 817, 828 (1977)(finding inmate's right to access the courts satisfied by receiving adequate assistance from persons trained in the law).

Furthermore, Hinds County District Attorney Robert Smith, as a criminal prosecutor, "enjoy[s] absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case." *Boyd*, 31 F.3d at 285. This immunity extends to the "prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." *Id.* As the Fifth Circuit has clearly stated, the "decision to file or not file criminal charges is protected by prosecutorial immunity." *Quinn v. Roach,* 326 F. App'x 280, 292 (5th Cir. 2009); *see also Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990)("The decision to file or not file criminal charges falls within this category of acts that will not give rise to section 1983 liability."). Plaintiff disagrees with the prosecutors decision to initiate criminal charges and

7

maintain the criminal prosecution for aggravated assault based on Plaintiff's belief that the evidence does not support the charges because he was acting in self-defense. The Court finds the alleged actions taken by District Attorney Smith to be "intimately associated with the judicial phase of the criminal process." *See Lampton v. Diaz*, 639 F.3d 223, 225 (5th Cir. 2011)(citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Therefore District Attorney Smith is entitled to absolute immunity from the claims asserted in this § 1983 Complaint.[4]

Plaintiff claims that Attorney General Hood is liable pursuant to 42 U.S.C. § 14141, which allows the United States Attorney General to file a civil action for equitable and declaratory relief regarding the constitutional rights of incarcerated juveniles. Clearly Hood is not the United States Attorney General and Plaintiff does not appear to be a juvenile based on his incarceration at an adult facility and the online records of the Hinds County Sheriff's Department which shows that he was born in 1964.[5] Plaintiff cannot maintain this action under § 1983 or § 14141 against Attorney General Hood.[6]

Finally, to the extent Plaintiff's pleadings can be construed as seeking mandamus relief, the Court finds that the Defendants are not officers or employees of the United States and therefore,

---

[4]It is not entirely clear if Plaintiff is also seeking relief from Attorney General Jim Hood as a prosecutor in Plaintiff's criminal case; nonetheless, Hood is entitled to the same absolute immunity that applies to District Attorney Smith's actions as a prosecutor.

[5]*See* http://www.co.hinds.ms.us/pgs/apps/inmate/inmate_detail.asp?id=38717.

[6]To the extent Plaintiff seeks relief from Hood as a supervisory authority over Judge Weill and District Attorney Smith, his claim also fails. It is not clear that Hood has any supervisory duties over the other Defendants, but assuming he does, Plaintiff fails to establish any affirmative or personal participation on behalf of Hood in the alleged constitutional deprivations associated with Plaintiff's criminal prosecution. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)("Personal involvement is an essential element of a civil rights cause of action."). Nor does Plaintiff point to any policy implemented by Hood that has resulted in a constitutional injury. *See Monell*, 436 U.S. at 692; *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009).

not subject to the statutory mandamus authority of this Court. *See* 28 U.S.C. § 1361. Furthermore, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties . . .". *Moye v. Clerk, Dekalb County Super. Ct.*, 474 F.2d 1275-76 (5th Cir. 1973); *see also Rhodes v. Keller*, 77 F. App'x 261 (5th Cir. 2003)(finding district court lacked authority to order the state court to act on inmate's habeas petition).

### III. Conclusion

As discussed above, Plaintiff cannot maintain this action under 42 U.S.C. § 1983 against the named Defendants. Plaintiff's claims for habeas corpus relief will be dismissed without prejudice and the remainder of Plaintiff's claims will be dismissed as either legally frivolous, and/or for failure to state a claim and/or as seeking monetary relief against a defendant who is immune from such relief, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii). *See Boyd*, 31 F. 3d at 285 (affirming frivolous dismissal of § 1983 claim against trial judge and prosecutor based on absolute immunity); *Lewis v. City of Waxahachie*, 465 F. App'x 383, 385 (5th Cir. 2012) (dismissing denial of legal access claim against court clerk for failure to state a claim upon which relief may be granted).

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike." *See* 28 U.S.C. § 1915(g). A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED this the 31st day of <u>October</u>, 2012.

                                          s/William H. Barbour, Jr.
                                          UNITED STATES DISTRICT JUDGE